IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 02-CR-0120-001-CVE |
| v. | ) | |
| | ) | USM Number: 09177-062 |
| MORGAN EARL WINDRIX, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to reconsider (Dkt. # 803). Defendant asks the Court to reconsider its order modifying fine payment schedule (Dkt. # 802). Defendant previously moved for modification of the judgment to reflect that he is obligated to make quarterly installments of no more than $75 toward satisfaction of his Court-ordered fine. Defendant further argued that the Court exceeded its authority by requiring him to participate in the Inmate Financial Responsibility Program (IFRP) when participation in the program is voluntary. See Dkt. # 800. The Court denied defendant's request to limit his quarterly payment schedule to $75, but granted his request to modify the judgment to make clear that his participation in the IFRP is voluntary. The Court modified the payment schedule to read in part:

> Any monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program . . . .

See Dkt. 802, at 3.

In his motion to reconsider, defendant argues the Court again exceeded its authority by delegating to the Bureau of Prisons (BOP) authorization to establish a payment amount. In support of this claim, defendant cites United States v. Gunning, 401 F.3d 1145, 1150 (9th Cir.2005), which

held that § 3664 prohibits a sentencing court from delegating to the BOP the task of establishing a schedule for the payment of court-ordered restitution. Defendant further claims that since sanctions are levied against inmates who refuse to participate in the IFRP, the program is, in effect, mandatory. He asserts that the BOP's implementation of the program is arbitrary and an abuse of discretion, and therefore, unlawful under 5 U.S.C. § 706(2)(A). He argues that the Court has authority under § 706(2)(A) to review the BOP's execution of sentence relative to the IFRP and provide relief, presumably by barring the BOP from enforcing the payment schedule or instituting any sanctions against him for failing to comply with an IFRP determined payment schedule.

In the order modifying payment schedule (Dkt. # 802, at 3-4), the Court set a specific schedule in equal monthly payments over a period of time, as required by 18 U.S.C. § 3572(d)(1) and United States v. Overholt, 307 F.3d 1231 (10th Cir. 2002) (district court imposing restitution was required by statute to set reasonable payment schedule for payment of restitution, and could not implicitly delegate such task to the Bureau of Prisons). The Tenth Circuit's holding in Overholt is consistent with the Ninth Circuit's ruling in Gunning, which reached the same conclusion. Further, payment schedule language which authorizes payment of the greater of a set dollar amount per quarter or 50% of income determined under the IFRP was upheld, post-Overholt, in United States v. Lowe, No. 06-5021, 220 Fed. Appx. 831 (10th Cir. 2007) (district court's order did not impermissibly delegate to the Bureau of Prisons the discretion to change defendant's payment schedule). The order modifying fine payment schedule (Dkt. # 802, at 3) establishes a specific payment amount, no more than $25 per quarter if defendant elects to not participate in the IFRP, and no more than 50% of total income should he choose to take part in the program. The order makes clear that participation in the IFRP is voluntary. The order does not improperly delegate authority

to the BOP to set a payment amount, nor does it compel defendant to participate in any program offered by the BOP.

Section 706(2)(A), part of the Administrative Procedure Act, states that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . ." 5 U.S.C. § 706(2)(A). The purpose of the IFRP is to encourage inmates to develop a plan to meet various financial obligations, including orders to pay a fine. The program requires inmates to commit a percentage of their prison employment earnings and other sources of income toward the repayment of court-ordered restitution or a fine. See 28 C.F.R. §§ 545.10-545.11. Participation in the IFRP is not mandatory, but entitles inmates to certain benefits. Non-participation in the program can lead to the loss of privileges, including limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. See id. § 545.11(d). The fact that an inmate will suffer consequences for failure to participate in the IFRP does not render the program involuntary and/or unconstitutional, since the consequences in question relate to the legitimate penological interest of rehabilitation. Nor do the consequences that accompany a federal prisoner's decision to decline to participate in the IFRP violate an inmate's right to due process. This is because those consequences do not constitute such an atypical and significant hardship on the inmate in relation to the ordinary circumstances and occurrences of prison life that they implicate a liberty interest. The IFRP's constitutionality has been considered and upheld by other circuits. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) (noting that the IFRP "has been uniformly upheld against constitutional attack"); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (D.C. Cir.1992) (holding IFRP does not deprive inmates of constitutional rights to due process); Johnpoll v. Thornburgh, 898 F.2d 849, 851

3

(2nd Cir.1990) (per curiam) (holding BOP did not exceed its authority in establishing IFRP and that the program does not violate due process); see also United States v. Williams, 996 F.2d 231, 234 (10th Cir.1993) (acknowledging constitutionality of the IFRP).

In defendant's motion (Dkt. # 803, at 2), he asserts he does not have the ability to pay the fine and maintain sufficient funds on account to provide for basic necessities, due in part to his family's refusal or inability to send him money. This is not true. Defendant currently has a commissary account balance of $880.48. Since July 17, 2011, $2,408.36 has been deposited in defendant's account, of which twelve deposits totaling $2,250 has been received by wire transfer from an outside source. Based on this deposit history, defendant is, under IFRP procedures, liable for a monthly payment of $112. Pursuant to IFRP guidelines, $75 per month or $450 each six months, is exempt from collection to ensure the inmate's account has sufficient funds to meet institutional needs. See BOP Policy Statement 5380.08. Defendant's account currently exceeds the minimum balance under program guidelines. Defendant has refused to pay and, consistent with BOP policy, has been placed on refusal status, thereby subjecting him to various restrictions and depriving him of certain privileges. Prison life is not void of similarities to life on the street – timely satisfaction of one's financial obligations lead to gain and opportunity, whereas failure to pay usually results in a range of painful consequences. As defendant's main source of income is from a non-institutional source, perhaps his chief complaint is that the BOP considers this income when computing his ability to pay toward his debt. It is settled that payments are to be made from "institution resources or non-institution (community) resources." See Lowe, 220 Fed. Appx. at 833; see also 28 C.F.R. § 545.11(b); McGhee, 166 F.3d at 887 ("The unit team's unilateral decisions to

accelerate [the petitioner's] payments and to count as available resources funds that [he] obtained from outside sources are both expressly permitted by IFRP regulations.").

The Court finds that the BOP's execution of the IFRP is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Further, this Court's order modifying fine payment schedule (Dkt. # 802) is within the Court's authority to impose and is proper based on defendant's financial condition, his institutional needs, and the length of sentence.

Defendant's motion to reconsider (Dkt. # 803) is **denied**.

**IT IS SO ORDERED** this 18th day of April, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE